(45 Misc. Rep. 584)

WOOD & SELICK v. ELLSWORTH et al.

(Supreme Court, Appellate Term. December 7, 1904.)

**1. SALE—CONTRACT—OFFER—ACCEPTANCE.**

A broker wrote to a dealer for lowest quotation on a quantity of "choice quality" packing gallon apples. The dealer gave a price for "gallon apples." The broker's telegram of acceptance included a warranty of "choice quality," and the sold note contained the condition "goods to be of choice quality, cans full, and fruit of good color and firm." The dealer refused to accept the conditions, and proposed a form of contract which the broker refused to accept, and the dealer did nothing further. *Held,* that there was no contract of sale.

Appeal from City Court of New York, Trial Term.

Action for breach of contract of sale of goods by Wood & Selick against Horace H. Ellsworth and others. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant Ellsworth appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Edwin D. Worcester, for appellant.

John Patterson, for respondent.

BISCHOFF, J.  The question presented is whether or not the defendants made the contract in suit, which was admittedly not performed, for the sale of a stated quantity of canned apples.  Winslow & Co., brokers, with whom the defendants had had no prior dealings, wrote to the latter:  "We shall be pleased to receive your lowest quotation on 1,000 dozen choice quality 1901 packing gallon apples," and defendants replied, July 31, 1901:  "Yours of 30th recd.  In reply will say that we will sell gallon apples 1901 pack $2.25 per doz. f. o. b. N. Y."  The brokers, acting for the plaintiff, then telegraphed defendants, "Letter received.  Sold 1,000 dozen gallon apples future, your price, choice quality, see mail;" and made out bought and sold notes stating the quantity, quality, and price of the goods, to be "delivered on dock · New York City," and expressing the terms of payment to be 60 days, with a discount in 10 days.  The "sold" note was forwarded to the defendants, who, replying, made certain criticisms as to the meaning of the terms of shipment, sending at the same time a form of contract of their own for the purchaser's acceptance, which embodied a further condition that delivery should depend upon the state of the apple crop, and omitted the description "choice quality."  To this the brokers answered:  "You are in error regarding shipment to N. Y., via rail, as in my contract it is optional with you to ship the goods any way you choose, either by water or rail, only land them in N. Y. City.  In contract you send me you do not state choice quality, so send me the contract we sent you accepted and we will secure the one given buyer by us accepted.  Although, if you wish, contracts can remain as they are and be binding on all."  Nothing further was done by the defendants, and upon the trial the question was left to the jury whether the minds of the parties had met; a motion for dismissal, upon the ground that there was no contract, having been denied.

In our opinion, the motion should have been granted, and the verdict is without evidence to support it.  Undoubtedly, where all the essentials of a contract are covered by correspondence, looking merely to a formal execution of a written agreement, the refusal of one to sign the agreement does not affect the other's right to enforce the actual contract as evidenced by the correspondence; but such is not the present situation.  The brokers' letter asked for a price upon gallon apples "choice quality," and the defendants gave a price for "gallon apples."  So far, of course, there was no contract, but an acceptance of the defendants' offer, as tendered, would have made one.  The form adopted by the plaintiff for the acceptance of the defendants' proposal to sell, if it added nothing to that proposal, would have been sufficient; but, if new terms were thereby imported, the making of a contract was still deferred to the defendants' acceptance of the new terms.  Mahar v. Compton, 18 App. Div. 540, 541, 45 N. Y. Supp. 1126; Barrow S. S. Co. v. M. C. R. Co., 134 N. Y. 15, 31 N. E. 261, 17 L. R. A. 359.  The defendants merely offered to sell "gallon apples, 1901 pack," and the plaintiff, through the brokers, was at liberty to accept that offer, without more, for the purpose of binding the seller.  The broker's telegram of acceptance, however, added a term not included in the offer, a warranty of "choice quality," and the sold note contained the condition, 'Goods to be of choice quality, cans full, and fruit of good color and firm."  This

condition the defendants refused to accept, and proposed a form of contract omitting the words "choice quality," which the brokers in turn refused to adopt. Apart from any question as to the terms of shipment and payment, there was thus a failure of any concluded agreement, since assent to the broker's terms could not be implied from the defendants' subsequent silence and nonaction. Hough v. Brown, 19 N. Y. 111. There was therefore nothing to submit to the jury, in view of the legal effect of the admitted facts, and the denial of the motion for the dismissal of the complaint was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.